Dear Representative Bruckerhoff:
This letter is in response to your request for an opinion as follows:
 Is a county nursing home that is not part of a nursing home district, eligible under state of Missouri statutes, to receive any support of financial assistance from county general revenue funds?
You further inform us:
 The Board of Trustees, elected by the people of Ste. Genevieve County is seeking additional sources of funding in order to keep resident rates as low as possible. The Board has sought opinions on whether this county nursing facility is legally eligible for support and assistance from county general revenue and federal revenue sharing.
 Federal regulations state that any entity eligible for any kind of funding from county revenue would be eligible for revenue sharing. An affirmative decision in this matter would open up two sources of additional funding which the facility does not now have.
Our written questions to the Prosecuting Attorney of Ste. Genevieve County to determine the provisions of state law under which the Riverview Manor Nursing Home is organized have not been answered. Our inquiry is based on an apparent discrepancy between your question and the statement of facts you supplied. Under Missouri law, a county nursing home does not have a Board of Trustees; a county nursing home is under the direct control of the governing body of the county. See Sections 49.270 and 205.375, RSMo 1978. Sections 198.200 to 198.360, RSMo 1978, provide for the establishment of Nursing Home Districts, which pursuant to Section 198.290, RSMo 1978, are managed by boards of directors.
We have inquired of Martin Radmer, Administrator of the Riverview Manor Nursing Home, concerning the organization of the Riverview Manor Nursing Home. Mr. Radmer informed us that the nursing home is a county nursing home which is not operated in conjunction with a county hospital. Further, he informed us that the nursing home is not leased to any third person or entity for management purposes as permitted by Section 205.375.4, RSMo 1978. Therefore, notwithstanding the unusual governing structure of the Riverview Manor Nursing Home, we must limit this opinion's application to county nursing homes; it has no intended relevance either to nursing home districts or to nursing homes operated as part of county hospitals.
Section 49.270, RSMo 1978, provides:
 The said [county] court shall have control and management of the property, real and personal, belonging to the county, and shall have power and authority to purchase, lease or receive by donation any property, real or personal, for the use and benefit of the county; to sell and cause to be conveyed any real estate, goods or chattels belonging to the county, appropriating the proceeds of such sale to the use of the same, and to audit and settle all demands against the county.
This section gives the county court the power to control and manage all property belonging to the county. While the county is the "owner" of county property, the effective exercise of that ownership is vested in the county court. Thus, a county nursing home is property that is under the control and management of the county court.
Section 50.550, RSMo 1978, within Chapter 50, entitled "County Finances and Budget," provides in pertinent part:
 The annual budget shall present a complete financial plan for the ensuing budget year. It shall set forth all proposed expenditures for the administration, operation and maintenance of all offices, departments, commissions, courts and institutions; . . . All receipts of the county for operation and maintenance shall be credited to the general fund, and all expenditures for these purposes shall be charged to this fund; . . .
In our Opinion No. 82, Faulkner, 1963, we held that a county court could expend funds to care for resident patients of a county operated nursing home. This opinion stands for the proposition that a county may subsidize care for indigent residents of a nursing home. For your convenience, we have enclosed a copy of that opinion.
In our Opinion No. 14, Cable, 1959, we held that a county court may provide for its indigent by paying a private nursing home institution for their care if this is the most economically expedient manner to provide such care. A copy of Opinion No. 14 is attached for your convenience.
Section 205.375.2 authorizes a county court to "acquire land to be used as sites for, construct and equip nursing homes and . . . contract for materials, supplies, and services necessary to carry out such purposes."
Section 205.375.4 provides that the county court may lease a nursing home and the equipment therein "to any person, firm, corporation or to any nonprofit organizations for the purpose of operation in the manner provided in [205.375.1]."
In Lancaster v. County of Atchison, 180 S.W.2d 706 (Mo. banc 1944), the Supreme Court stated:
 [C]ounties, like other public corporations, "can exercise the following powers and no others: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation — not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied." [citations omitted] We have repeatedly approved this quotation. . . . Id. at 708.
Although we find no express provision in the statutes which would allow a county court to provide funds from its general revenue for the operation of a county nursing home, we believe that such authority can be reasonably implied. In our Opinion No. 82, supra,
we held that Section 205.375 implied an authority in a county court to preserve, maintain and repair a county nursing home. We believe that Section 205.375 read in harmony with Sections 49.270 and 50.550
necessarily implies that a county court has authority to operate a county nursing home with county funds.
Therefore, it is our opinion that a county court has authority to expend general revenue for the operation of a county nursing home.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 82 (1963) Opinion No. 14 (1959)